UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

MONDAY J. ORTIZ,

        Plaintiff,

v.

BRIDGEPORT POLICE DEPARTMENT,

        Defendant.

3:14-cv-01614 (CSH)

**June 29, 2017**

## **RULING ON MOTION FOR JUDGMENT ON THE PLEADINGS**

**HAIGHT,** Senior District Judge:

This action, seeking relief for alleged civil rights violations by a State actor pursuant to 42 U.S.C. § 1983, arises from the arrest of Plaintiff Monday J. Ortiz ("Ortiz" or "Plaintiff") by Officer M. Mazzacco of the Bridgeport Police Department on the evening of October 3, 2014. Plaintiff brought this action *pro se*, and following a number of procedural delays and inattentions, on the part of both parties,[1] Defendant Bridgeport Police Department ("B.P.D." or "Defendant") has filed a Motion for Judgment on the Pleadings (Doc. 25), pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. This Ruling decides that Motion.

### **I. BACKGROUND**

The following recitation of events and references to paragraph numbers are derived from Plaintiff's Complaint (Doc. 1) and its exhibit, the Connecticut Uniform Police Accident Report form ("Accident Report") completed by Officer Mazzacco. In considering this motion, the Court accepts

---

[1] *See, e.g.*, the Court's Notice to Counsel, Doc. 7 (proposing to dismiss this action under Local Rule of Civil Procedure 41(a), for failure to prosecute); Defendant's Motion to Set Aside Default, Doc. 21 at 2 (ascribing B.P.D.'s unintentional failure to enter a timely appearance to "an apparent interoffice communication glitch").

all well-pleaded material facts in the Complaint as true and admitted, and construes them in the light most favorable to the *pro se* Plaintiff.

On October 3, 2014, Plaintiff was, through no fault of his own, involved in a sideswipe motor vehicle collision near the intersection of Park and Fairfield Avenues, in Bridgeport, Connecticut. ¶¶ 2-3; Accident Report. Officer Mazzacco conducted a traffic stop of Plaintiff's vehicle, and subsequently arrested and handcuffed Plaintiff, at or near Plaintiff's Bridgeport residence, 651 State Street. ¶¶ 5-6; Accident Report. Plaintiff was instructed to sit in the back of Mazzacco's patrol car. ¶ 5; Accident Report. Plaintiff asked Mazzacco why he was being treated in this manner, and Mazzacco told Plaintiff it was because of Plaintiff's nationality, skin color, who Plaintiff was, and who Plaintiff associated with.[2] ¶ 5. Plaintiff was issued a Misdemeanor Summons for Evading Responsibility (Conn. Gen. Stat. § 14-244(b)), Misuse of Plate (Conn. Gen. Stat. § 14-147(a)), and No Insurance (Conn. Gen. Stat. § 14-213b). ¶ 5(a); Accident Report. As Plaintiff left the patrol car, Mazzacco "clearly stated" that he did not like the Plaintiff, and wished that the Plaintiff would leave Connecticut all together. ¶ 5(b). Plaintiff reports that Mazzacco told him, "If I don't leave [Connecticut] this is just the beginning of my end they will take my life." ¶ 5(b). Plaintiff was thereby put in fear for his and his family's lives. ¶ 6. Plaintiff is followed by patrol cars everywhere he goes, he is unable to identify which officers are inside these patrol cars, and he is unable to go about his daily business. ¶ 6. Having been warned to leave Bridgeport and Connecticut by Mazzacco and unspecified "others," Plaintiff believes his life to be in danger. ¶ 6.

---

[2] It is unclear from the wording of the Complaint whether Plaintiff is alleging that Mazzacco actually stated these rationales to Plaintiff at the time of arrest, or whether Plaintiff merely asked Mazzacco if Plaintiff was being mistreated on discriminatory grounds. In the interest of construing the facts in the light most favorable to the non-moving party, and given the special solicitude shown to *pro se* litigants, this Ruling interprets the factual account alleged in the Complaint, *see* Doc. 25 at 2, in the light most favorable to Plaintiff.

The Complaint names, as sole defendant, the B.P.D. On September 20, 2016, Defendant filed an Answer (Doc. 24), asserting, as an affirmative defense, that the Complaint fails to state a claim upon which relief can be granted, a defense reiterated in the instant Motion for Judgment on the Pleadings (Doc. 25).

## II. STANDARD OF REVIEW FOR RULE 12(c) MOTION

In general, "the standard for addressing a Rule 12(c) motion for judgment on the pleadings is the same as that for a Rule 12(b)(6) motion to dismiss for failure to state a claim." *Cleveland v. Caplaw Enters.*, 448 F.3d 518, 521 (2d Cir. 2006). Under the now well-established *Twombly/Iqbal* standard, a complaint should be dismissed only if it does not contain enough allegations of fact to state a claim for relief that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, (2007).

The Second Circuit has explained that, after *Twombly* and *Iqbal*, the Court's inquiry under Rule 12(b)(6) is guided by two principles:

> First, although a court must accept as true all of the allegations contained in a complaint, that tenet is inapplicable to legal conclusions, and threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss and determining whether a complaint states a plausible claim for relief will be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.

*Harris v. Mills*, 572 F.3d 66, 72 (2d Cir.2009) (quoting *Iqbal*, 556 U.S. at 663-64, 678) (citations and internal quotation marks omitted). Thus, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and . . . determine whether they plausibly give rise to an entitlement of relief." *Iqbal*, 556 U.S. at 664.

In considering a motion to dismiss, this Court accepts as true the factual allegations set forth in the complaint and draws all reasonable inferences in the Plaintiff's favor. *See Zinermon v. Burch*, 494 U.S. 113, 118, (1990); *In re NYSE Specialists Secs. Litig.*, 503 F.3d 89, 91 (2d Cir.2007). When evaluating a 12(c) motion, the well-pleaded material facts of the complaint are taken as admitted by the moving party. *Shapiro v. Merrill Lynch, Pierce, Fenner & Smith Inc.*, 495 F.2d 228, 231(2d Cir. 1974); *Gumer v. Shearson, Hammill & Co., Inc.*, 516 F.2d 283, 286 (2d Cir. 1974)*; Lo Sacco v. City of Middletown*, 745 F. Supp. 812, 814 (D. Conn. 1990) (Nevas, *J.*).

The defense raised by Defendant's instant Motion for Judgment on the Pleadings – failure to state a claim upon which relief can be granted – is most often asserted through a Rule 12(b)(6) motion to dismiss, prior to the closure of the pleadings. *See* Fed. R. Civ. P. 12(b)(6). However, where, as here, the pleadings have closed and a 12(b)(6) motion would be untimely, such a defense is properly considered on a 12(c) motion. *See Gumer*, 516 F.2d at 286; *Doe v. City of Bridgeport*, No. 3:04-CV-1197 (WWE), 2005 WL 1377912, at *1 (D. Conn. June 1, 2005) (Eginton, *J.*) ("However, even though the 12(b)(6) motion is asserted through the procedural device of a 12(c) motion, the standards employed in determining the motion will be the same as if the defense had been raised prior to the closing of the pleadings."); *Lo Sacco*, 745 F. Supp. at 814; *Shapiro v. Merrill Lynch, Pierce, Fenner & Smith Inc.*, 353 F. Supp. 264, 268 (S.D.N.Y. 1972) (Tenney, *J.*), *aff'd*, 495 F.2d 228; *see also* Fed. R. Civ. P. 12(h)(2)(B) ("Failure to state a claim upon which relief can be granted . . . may be raised . . . by a motion under Rule 12(c)").

### III. SPECIAL SOLICITUDE AS TO *PRO SE* COMPLAINTS

Where, as here, the complaint has been filed *pro se*, the plaintiff is "entitled to special solicitude" and the court construes "his pleadings to raise the strongest arguments that they suggest."

*Fowlkes v. Ironworkers Local 40*, 790 F.3d 378, 387 (2d Cir. June 19, 2015) (internal quotation marks omitted) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 477 (2d Cir. 2006)). "Dismissal of a *pro se* claim as insufficiently pleaded is appropriate only in the most unsustainable of cases." *Fowlkes*, 790 F.3d at 387 (quoting *Boykin v. KeyCorp*, 521 F.3d 202, 216 (2d Cir. 2008)).

"At the same time, a *pro se* complaint must allege enough facts to state a claim to relief that is plausible on its face." *Fowlkes*, 790 F.3d at 387 (internal quotation marks omitted) (quoting *Twombly*, 550 U.S. at 570). *See also Walker v. Schult*, 717 F.3d 119, 124 (2d Cir. 2013) ("Nonetheless, a *pro se* complaint must state a plausible claim for relief"). In particular, *pro se* litigants are obliged to comply with the minimal standards of notice pleading under Rule 8 of the Federal Rules of Civil Procedure. *See, e.g., Nielsen v. Rabin*, 746 F.3d 58, 63 (2d Cir. 2014). Ultimately, "the rule in favor of liberal construction cannot save *pro se* litigants who do not present cognizable arguments." *Collins v. Blumenthal*, 581 F. Supp. 2d 289, 291 (D. Conn. 2008).

## IV. DISCUSSION

Though the Complaint does not identify the basis for the Court's jurisdiction, it describes a claim that could be brought under 42 U.S.C. § 1983: "Section 1983 provides a civil claim for damages and injunctive relief against any person who acts under color of state law to deprive another of a constitutional right. Allegations of facts constituting an arrest without probable cause, an unreasonable search and seizure, or malicious prosecution state claims under section 1983." *Day v. Morgenthau*, 909 F.2d 75, 77 (2d Cir. 1990), *as amended on reh'g* (Aug. 29, 1990).

As this Court recently observed in ruling on a motion to dismiss a *pro se* § 1983 complaint, "a municipal police department is not subject to suit under § 1983." *Hiller v. Farmington Police Dep't*, No. 3:12-CV-1139 CSH, 2015 WL 4619624, at \*8 (D. Conn. July 31, 2015) (citation omitted). Undoubtedly, municipalities themselves are subject to suit under § 1983. *See Monell v.*

*Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978). "A municipal police department, however, is not a municipality. Rather, it is a sub-unit or agency of the municipal government through which the municipality fulfills its policing function. Because a municipal police department is not an independent legal entity, it is not subject to suit under section 1983." *Reed v. Hartford Police Dep't*, No. 3:03-CV-2147 (SRU), 2004 WL 813028, at *2 (D. Conn, Apr. 6, 2004) (Underhill, *J.*) (citation omitted) (collecting cases).

Accepted as true and considered in the light most favorable to the Plaintiff, the acts and words ascribed to Officer Mazzacco by the Complaint might amount to a deprivation of Plaintiff's constitutional rights under color of state law. However, the Court does not need to consider that ultimate question, because the Complaint is not directed against a person subject to suit under § 1983, and therefore must fail.

This suit was filed against the B.P.D., and not the City of Bridgeport, a municipality subject to suit under § 1983. This apparent misdirection is the type of procedural error or misapprehension which, when made by a *pro se* litigant, will be met with leniency by the Court. Here, however, Plaintiff has been given adequate notice of this error and made no effort to remedy it, or even to timely oppose the instant Motion.[3]

---

[3] The Court notes that Plaintiff has, by all appearances, abandoned his suit. The last Order (Doc. 22) of this Court was mailed to Plaintiff's address on record, 651 State Street, Apt. 417, Bridgeport, CT 06604 on August 1, 2016. The envelope containing that Order was returned to the Clerk's office by the postal service on September 2, 2016, marked undeliverable because unable to forward. The local rules of this District provide that attorneys appearing before the Court must notify the Clerk within thirty days of a change of address. D. Conn. L. Civ. R. 83.1(c)(3). Further, the same rules require a *pro se* litigant to "give an address within the District of Connecticut where service can be made upon him or her in the same manner as service is made on an attorney." D. Conn. L. Civ. R. 83.1(c)(2). By inference (and common sense), a *pro se* litigant who changes his address is obliged to provide the Clerk with the new address at which service can be made, within thirty days of the change. Judge Droney, when he sat in this District, confronted a similar situation when ruling on a defense motion for summary judgment against a *pro se* plaintiff who had failed

In these circumstances, where Plaintiff failed to name and serve a person subject to suit under § 1983, and subsequently abandoned the action for all practical purposes, Plaintiff fails to state a claim upon which relief can be granted, and Defendant is entitled to judgment on the pleadings.

## V. CONCLUSION

For the reasons stated above, Defendant's Motion for Judgment on the Pleadings (Doc. 25) is GRANTED. The Clerk is directed to dismiss the complaint with prejudice, enter judgment in favor of Defendant, and close the file.

It is SO ORDERED.

Dated: New Haven, Connecticut
June 29, 2017

*/s/ Charles S. Haight, Jr.*
CHARLES S. HAIGHT, JR.
Senior United States District Judge

---

to update her address. *Washington v. Dodrill*, No. 3:09-CV-89 CFD, 2011 WL 219906 (D. Conn. Jan. 20, 2011). Judge Droney granted summary judgment for defendants on the merits, and noted,

> On September 16, 2010, mail sent to [Plaintiff] at the address on file with the Court was returned as undeliverable. Local court rules require that a *pro se* litigant must provide an address within the District of Connecticut at which service may be made upon him. Thus, the Court also could have dismissed this case for failure to comply with court rules.

*Id.* at *4 n. 2 (emphasis omitted) (citing D. Conn. L. Civ. R. 83.1(c)(2)). As in Judge Droney's case, the Court need not rely on Plaintiff's inattention to resolve this matter, as Defendant is entitled to judgment on the pleadings for Plaintiff's failure to state a claim.

7